NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**In Re CHARTER COMMUNICATIONS, INC., CHARTER COMMUNICATIONS OPERATING LLC, SPECTRUM MANAGEMENT HOLDING COMPANY, LLC, TIME WARNER CABLE ENTERPRISES LLC, SPECTRUM GULF COAST, LLC, CHARTER COMMUNICATIONS LLC,**
*Petitioners*

---

2024-136

---

On Petition for Writ of Mandamus to the United States District Court for the Eastern District of Texas in No. 2:23-cv-00059-JRG, Chief Judge J. Rodney Gilstrap.

---

**ON PETITION**

---

Before PROST, TARANTO, and HUGHES, *Circuit Judges*.

PER CURIAM.

## O R D E R

Petitioners seek a writ of mandamus directing the United States District Court for the Eastern District of Texas to dismiss this case for improper venue as to Charter Communications, Inc. ("CCI") and Charter Communications Operating LLC ("CCO"). Specifically, they argue that

the district court improperly imputed to CCI and CCO the in-district location and business of CCI's subsidiary, Spectrum Gulf Coast, LLC, by erroneously focusing on whether the Charter entities operate as a single enterprise.

Mandamus is "reserved for extraordinary situations," *Gulfstream Aerospace Corp. v. Mayacamas Corp.*, 485 U.S. 271, 289 (1988) (citation omitted). To obtain mandamus, the petitioners must show: (1) there are no adequate alternative avenues for relief, (2) the right to issuance of the writ is clear and indisputable, and (3) issuance of the writ is appropriate under the circumstances. *Cheney v. U.S. Dist. Ct. for D.C.*, 542 U.S. 367, 380–81 (2004). "[O]rdinarily, mandamus relief is not available for rulings on improper venue motions . . . because post-judgment appeal is often an adequate alternative means for attaining relief." *In re Monolithic Power Sys., Inc.*, 50 F.4th 157, 159 (Fed. Cir. 2022) (cleaned up). While we have recognized mandamus to be available for asserted 28 U.S.C. § 1400(b) violations in certain exceptional circumstances warranting immediate intervention to assure proper judicial administration, *In re Micron Tech., Inc.*, 875 F.3d 1091, 1096 (Fed. Cir. 2017), we do not find such circumstances in this case.

Petitioners' arguments are materially the same as the arguments CCI raised in *In re Charter Communications, Inc.*, No. 2023-136, 2023 WL 5688812 (Fed. Cir. Sept. 5, 2023) ("*Entropic*"). There, despite having been apprised of the existence of the present matter in the statement of related cases, we concluded that, "[a]t most, CCI's arguments present a record-specific dispute" as to "whether CCI exerts control sufficient to impute its subsidiaries' in-district operations to CCI under Fifth Circuit law," and did not raise "the type of broad, fundamental, and recurring legal question or other considerations that might warrant mandamus review." *Id.* at *2 (internal quotation marks and citations omitted). For purposes of meeting the standard for

mandamus in this improper venue dispute, we see no sufficient distinction between the present case and *Entropic*.

Accordingly,

IT IS ORDERED THAT:

The petition is denied.

FOR THE COURT

July 8, 2024
Date

Jarrett B. Perlow
Clerk of Court